IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**PATRICK W. ZARITZ,**

       Petitioner,

   v.             CASE NO. 13-3105-RDR

**EASTERN DISTRICT OF MISSOURI,**

       Respondent.


**MEMORANDUM AND ORDER**


  This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Penitentiary, Leavenworth, Kansas, proceeds pro se and submitted the filing fee.

  Petitioner was convicted in the United States District Court for the Eastern District of Missouri. In this action, he contends that his sentence is incorrect and seeks adjustments to the sentence.

**Analysis**

  Generally, a federal prisoner may proceed pursuant to 28 U.S.C. § 2241 to challenge the execution of a sentence rather than its validity. Such a challenge is properly filed in the district of confinement. In contrast, a prisoner's challenge to the legality of a conviction or sentence must be presented in an action pursuant to 28 U.S.C. § 2255. Such an action is filed in the district of conviction. See *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

  Here, because petitioner challenges the legality of his sentence, § 2241 is not the appropriate remedy. Rather, his claim should be presented to the sentencing court.

The court notes that "[a] federal prisoner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in the so-called 'saving clause' of § 2255." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). The savings clause applies to extend the remedy under § 2241 only if the petitioner shows "the remedy [provided] by [§ 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The petition does not suggest any arguable basis for the application of the savings clause. The petition shows the sentence was imposed in late 2012, and it does not appear that petitioner has used the remedy under § 2255. Petitioner does not assert the remedy under § 2255 is either inadequate or ineffective.

Accordingly, the court will dismiss this matter. Petitioner must present his challenge in the sentencing court.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 14th day of August, 2013, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge